# UNITED STATES DISTRICT COURT
### Central District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>WILLIAM M. TATE | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 16-30014-001<br>USM Number: 21504-026<br><br>Scott A. Sabin<br>Defendant's Attorney |

FILED JAN 0 5 2018 CLERK OF THE COURT U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 and 4

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 922(d)(1) and 924(a)(2); 18 USC § 2 | Sale or Transfer of a Firearm to a Prohibited Person | 2/10/2015 | 1 |
| 18 USC § 922(g)(1) | Possession of a Firearm by a Prohibited Person | 6/3/2015 | 4 |

The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2, 3, and 5    ☐ is   ☑ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/3/2018
Date of Imposition of Judgment

s/ Sue E. Myerscough
Signature of Judge

SUE E. MYERSCOUGH, U.S. District Judge
Name and Title of Judge

1/04/18
Date

DEFENDANT: WILLIAM M. TATE
CASE NUMBER: 16-30014-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

96 months on each of Counts 1 and 4, to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant serve his sentence in FCI Greenville or FCI Pekin or, if neither facility is available, in a facility as close to Springfield, Illinois, as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: WILLIAM M. TATE
CASE NUMBER: 16-30014-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years on each of Counts 1 and 4, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

1. The defendant shall not knowingly leave the judicial district in which he is approved to reside without the permission of the Court or probation officer, who shall grant permission unless the travel would significantly hinder his rehabilitation.

2. The defendant shall report to the probation officer in a reasonable manner and frequency as directed by the Court or probation officer.

3. The defendant shall follow the instructions of the probation officer as they relate to his conditions of supervision. He shall answer truthfully the questions of the probation officer as they relate to his conditions of supervision, subject to his right against self-incrimination.

4. The defendant shall notify the probation officer at least ten days prior to, or as soon as he knows about, any changes in residence or any time he leaves a job or accepts a job.

5. The defendant shall permit a probation officer to visit him at home between the hours of 6 a.m. and 11 p.m., at his place of employment while he is working, or at the locations of his Court-ordered treatment providers. Visits may be conducted at any time if the probation officer has reasonable suspicion to believe that the defendant is in violation of a condition of supervised release or if he or a third party has reported that he is unable to comply with a directive of the probation officer because of illness or emergency. During any such visit, the defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

DEFENDANT: WILLIAM M. TATE
CASE NUMBER: 16-30014-001

## ADDITIONAL SUPERVISED RELEASE TERMS

6. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. This condition does not prevent him from invoking his Fifth Amendment privilege against self-incrimination.

7. The defendant shall make a meaningful attempt to secure lawful and regular employment, defined as a monthly average of at least 30 hours per week, unless excused by the U.S. Probation Office for schooling, training, or other acceptable reason, such as child care, elder care, disability, age, or serious health condition.

8. The defendant shall not knowingly be present at places where he knows controlled substances are illegally sold, used, distributed, or administered.

9. The defendant shall not meet, communicate, or otherwise interact with any person whom he knows to be a convicted felon or to be engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the probation officer.

10. The defendant shall not knowingly possess a firearm, ammunition, destructive device as defined in 18 U.S.C. § 921(a)(4), or any object that he intends to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

11. The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substance that impairs physical or mental functioning, or any paraphernalia related to any controlled substance or psychoactive substance, except as prescribed by a physician. He shall, at the direction of the U.S. Probation Office, participate in a program for substance abuse treatment including not more than six tests per month to determine whether he has used controlled or psychoactive substances. The defendant shall abide by the rules of the treatment provider. He shall pay for these services, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the Court's review upon request. The defendant shall not be deemed financially able to pay if, at the time he begins receiving substance abuse treatment, he would qualify for Court-appointed counsel under the Criminal Justice Act. He shall be subject to this condition until such time as the U.S. Probation Office determines that drug abuse treatment and drug testing no longer assist him to avoid committing further crimes.

12. The defendant shall refrain from excessive use of alcohol, as defined as the legal limit of impairment in the state in which he is located.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: WILLIAM M. TATE
CASE NUMBER: 16-30014-001

## ADDITIONAL SUPERVISED RELEASE TERMS

13. The defendant shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the U.S. Probation Office and shall take any and all prescribed medications as directed by the treatment providers. He shall pay for these services, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the Court's review upon request. The defendant shall not be deemed financially able to pay if, at the time he begins receiving psychiatric services or mental health counseling or treatment, he would qualify for Court-appointed counsel under the Criminal Justice Act. He shall be subject to this condition until such time as the U.S. Probation Office determines that psychiatric or mental health counseling or treatment no longer assists him to avoid committing further crimes.

14. The defendant shall reimburse the Bureau of Alcohol, Tobacco, Firearms, and Explosives in the amount of $7,775 for funds expended by that agency during the controlled purchase of firearms. He shall make monthly payments of at least 50 percent of his disposable income per month during the entire term of supervised release or until the obligation is paid in full.

DEFENDANT: WILLIAM M. TATE
CASE NUMBER: 16-30014-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: WILLIAM M. TATE
CASE NUMBER: 16-30014-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.